Joe Moseley Boone County Prosecuting Attorney Boone County Courthouse Columbia, Missouri 65201
Dear Mr. Moseley:
This opinion letter is in response to your two questions
 1. Whether the Boone Hospital Center Board of Trustees, organized under Sections 205.160-.340, RSMo, may relinquish its right to receive proceeds from the "replacement tax" or inventory surtax established under Article X, Section 6 of the Missouri Constitution and implemented under Section 139.600, RSMo, or expend such sums for purposes other than those authorized by Sections 205.190
or 205.200, RSMo?
 2. If the Board of Trustees may relinquish its right to receive replacement tax proceeds as outlined above, may the Boone County Clerk recalculate the levy under Section 139.600, RSMo, to reflect such relinquishment? If the county clerk may not recalculate the levy, should the county collector distribute the surplus proceeds from Boone Hospital Center's share of the replacement tax pro rate to other taxing entities, or to the county general fund, or otherwise?
The "replacement tax" as it is called is found in ArticleX, Section 6 of the Missouri Constitution. Article X, Section 6, provides in pertinent part:
 Section 6. Property exempt from taxation.
* * *
 2. All revenues lost because of the exemption of certain personal property of manufacturers, refiners, distributors, wholesalers, and retail merchants and establishments shall be replaced to each taxing authority within a county from a countywide tax hereby imposed on all property in subclass 3 of class 1 in each county. For the year in which the exemption becomes effective, the county clerk shall calculate the total revenue lost by all taxing authorities in the county and extend upon all property in subclass 3 of class 1 within the county, a tax at the rate necessary to produce that amount. The rate of tax levied in each county according to this subsection shall not be increased above the rate first imposed and will stand levied at that rate unless later reduced according to the provisions of subsection 3. The county collector shall disburse the proceeds according to the revenue lost by each taxing authority because of the exemption of such property in that county. Restitution of the revenues lost by any taxing district contained in more than one county shall be from the several counties according to the revenue lost because of the exemption of property in each county. Each year after the first year the replacement tax is imposed, the amount distributed to each taxing authority in a county shall be increased or decreased by an amount equal to the amount resulting from the change in that district's total assessed value of property in subclass 3 of class 1 at the countywide replacement tax rate. In order to implement the provisions of this subsection, the limits set in section 11(b) of this article may be exceeded, without voter approval, if necessary to allow each county listed in section 11(b) to comply with this subsection.
 3. Any increase in the tax rate imposed pursuant to subsection 2 of this section shall be decreased if such decrease is approved by a majority of the voters of the county voting on such decrease. A decrease in the increased tax rate imposed under subsection 2 of this section may be submitted to the voters of a county by the governing body thereof upon its own order, ordinance, or resolution and shall be submitted upon the petition of at least eight percent of the qualified voters who voted in the immediately preceding gubernatorial election.
 4. As used in this section, the terms "revenues lost" and "lost revenues" shall mean that revenue which each taxing authority received from the imposition of a tangible personal property tax on all personal property held as industrial inventories, including raw materials, work in progress and finished work on hand, by manufacturers and refiners, and all personal property held as goods, wares, merchandise, stock in trade or inventory for resale by distributors, wholesalers, or retail merchants or establishments in the last full tax year immediately preceding the effective date of the exemption from taxation granted for such property under subsection 1 of this section, and which was no longer received after such exemption became effective.
This constitutional provision was implemented by Section139.600, RSMo 1986, which provides:
 139.600. Exemption of merchants' and manufacturers' tangible personal property, lost revenues defined — replacement tax revenues, distribution of. — 1. To implement the provisions of section 6, of article X of the Missouri Constitution, the amount received by each taxing authority for the preceding year which will be "lost revenues" as defined in subsection 4 of section 6 of article X of the Missouri Constitution and resulting from the exemption of certain personal property of manufacturers, refiners, distributors, wholesalers, and retail merchants and establishments, shall be determined by each county clerk as of March thirty-first of the year the exemption becomes effective and shall include any delinquent taxes received during the preceding year and taxes for the preceding year which have been received by the collector but are subject to an appeal as of that date. The levy to be charged against the assessed valuation of real property listed in subclass (3) of class 1 of section 4(b) of article X of the Missouri Constitution necessary to produce the total revenues lost by all taxing authorities in the county shall be determined by each county clerk no later than September first of the year the replacement tax is first imposed. The exemption of certain personal property of manufacturers, refiners, distributors, wholesalers, and retail merchants and establishments under section 6 of article X
of the Missouri Constitution shall not become effective in any county or city not within a county of this state until January 1, 1985, upon which date such exemption shall be effective in all counties and cities not within a county in this state.
 2. For the first year in which a replacement tax is imposed under this section, the total replacement revenues received by the county collector shall be distributed as provided in subsection 2 of section 6 of article X of the Missouri Constitution at such time or times as he deems appropriate. The total amount available for distribution as replacement revenues for such first year in which a replacement tax is imposed shall be that amount received from the replacement tax as of January thirty-first of the year immediately following the year the replacement tax is first imposed.
 3. For the second and each succeeding year in which a replacement tax is imposed under this section, the total amount of replacement revenue available to each county for distribution shall be the amount received by each county during the previous twelve months, as of January thirty-first of the following year. The amount of replacement revenue to be distributed to each taxing authority within each county shall be calculated by multiplying the total amount of replacement revenues to be distributed by a fraction which shall have:
 (1) A numerator which is determined by taking the amount of "lost revenues" as defined in subsection 4 of section 6 of article X of the Missouri Constitution, of such taxing authority, and multiplying the amount of such lost revenues by the percentage which the then current assessed valuation of real property in the taxing authority in subclass (3) of class 1 property, as set out in section 4(b) of article X of the Missouri Constitution, is of the assessed valuation of such property on January first of the first year the replacement tax was imposed, using in both instances the taxing authority's boundaries as they existed on January first of the first year the replacement tax was imposed;
 (2) A denominator which is the sum of all figures calculated under subdivision (1) of this subsection for each taxing authority within the county.
 4. If any taxing authority which is receiving replacement revenues annexes additional property, such property shall not be included in the calculations made under subdivision (1) of subsection 3 of this section. If any two or more taxing authorities merge, the amount determined under subdivision (1) of subsection 3 of this section for the resulting taxing authority shall be the sum of the amounts, if any, determined under subdivision (1) of subsection 3 for each of the taxing authorities merged.
We understand Boone Hospital Center is a county hospital organized under the provisions of Sections 205.160 to 205.340, RSMo. Along with your questions, you state:
 In 1988 the Boone Hospital Center Board of Trustees entered into a lease of the county hospital facility with C H Allied Services, Inc. [U]nder the lease the lessee assumed virtually all responsibility for the operation and maintenance of the hospital. The Board of Trustees annually receives a share of the inventory surtax or replacement tax established and authorized under Article X, Section 6 of the Missouri Constitution and section 139.600 RSMo. . . . The Board of Trustees no longer has a need to receive its share of the proceeds to this tax. In 1989-90 the State Auditor conducted a petition audit of the hospital. The auditor recommended that the county seek an Attorney General's opinion concerning whether the surplus proceeds could be distributed to other taxing entities or to the general fund. . . .
The first part of your first question asks whether the Boone Hospital Center Board of Trustees may relinquish its right to receive proceeds from the replacement tax. Pursuant to Article X, Section 6 of the Missouri Constitution, the county collector disburses the proceeds from the replacement tax to taxing authorities within the county. The taxing authority of the Boone Hospital Center Board of Trustees arises under Section205.200, RSMo 1986, and, therefore, the Boone Hospital Center Board of Trustees is a taxing authority for the purposes of Article X, Section 6 of the Missouri Constitution. Accordingly, the Boone Hospital Center Board of Trustees has been receiving a portion of the replacement tax in Boone County. There is no provision in Article X, Section 6 of the Missouri Constitution or in Section 139.600, RSMo 1986, authorizing the Boone Hospital Center Board of Trustees to relinquish its right to receive proceeds from the replacement tax. Therefore, we conclude that the Boone Hospital Center Board of Trustees may not relinquish its right to receive proceeds from the replacement tax. Likewise, there is no authority for any county official to reduce the countywide surtax or reallocate the proceeds of the replacement tax under the facts you have presented.
The second part of your first question asks whether the Boone Hospital Center Board of Trustees may expend replacement tax proceeds for purposes other than those authorized by Sections 205.190 or 205.200, RSMo. The Board's taxing authority arises under Section 205.200, RSMo 1986, which empowers the county commission to levy a property tax to pay for maintenance and improvement of a public hospital and for constructing and furnishing necessary additions thereto as certified by the Board of Trustees. "The funds arising from the tax levied for such purpose shall be used for the purpose for which the tax was levied and none other." Section 205.200, RSMo, 1986. This section has been construed to restrict expenditure of tax moneys collected by the hospital Board of Trustees to expenditures solely for the hospital purposes provided by statute. See,
Attorney General Opinion No. 128, White, May 31, 1967 and Attorney General Opinion No. 72, Powell, April 20, 1960. A copy of each is enclosed. Furthermore, Section 205.190, RSMo Supp. 1990, provides ". . . that all moneys received for such hospital shall be credited to the hospital and deposited into the depositary thereof for the sole use of such hospital in accordance with the provisions of sections 205.160 to 205.340." Section 205.190.3, RSMo Supp. 1990. Therefore, we conclude the Boone Hospital Center Board of Trustees may not expend proceeds from the replacement tax for any purpose other than hospital purposes provided by statute.
Your second question presupposes that the Board of Trustees may decline or otherwise not receive replacement tax proceeds and then inquires whether the Boone County Clerk may recalculate the levy under Section 139.600, RSMo, to reflect such fact. Since it is the opinion of this office that the Boone Hospital Center Board of Trustees continues to receive proceeds from the replacement tax, we do not address your second question.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion No. 128, White, May 31, 1967 Opinion No. 72, Powell, April 20, 1960